# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00070-COA

SHAWN T. WILSON A/K/A SHAWN TONYUS WILSON      APPELLANT

v.

STATE OF MISSISSIPPI      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/16/2022 |
| TRIAL JUDGE: | HON. CALEB ELIAS MAY |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TAMARRA AKIEA BOWIE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA LEBRON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/28/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1. Shawn Wilson appeals from the Neshoba County Circuit Court's order denying his motion for post-conviction collateral relief (PCR). Wilson filed his PCR motion outside the time provided by the three-year statute of limitations and failed to establish that an exception to the time-bar applies. We therefore affirm the circuit court's order denying Wilson's PCR motion.

## FACTS

¶2. Wilson pled guilty as a second drug offender and as a non-violent habitual offender to the sale of methamphetamine. During the plea hearing on July 18, 2016, the circuit judge ensured Wilson understood that the maximum sentence for his conviction was sixty years.

Following a recommendation that the circuit judge consider Wilson as a candidate for a drug-court program, the following exchange occurred:

> [THE COURT]: Mr. Wilson, there are really three threshold issues that I need to be certain you understand in considering you as a candidate for the drug court. The first one would be that in the event you are unable to complete the requirements of the drug court, which typically takes some five years, in your instance the penalty, if you failed to complete it, would be very, very harsh. . . . I want to be sure you understand that the policy of this court is if you fail in drug court, you get the maximum sentence that you could have gotten originally, and in your instance, that's 60 years. Has that been explained to you?

> [WILSON]: Yes.

> [THE COURT]: You understand that?

> [WILSON]: Yes.

> . . . .

> [THE COURT]: Mr. Wilson, do you believe that you have the ability to complete the requirements of drug court?

> [WILSON]: Yes.

> [THE COURT]: That's not typically a question that I often ask someone, but in the event you don't, the penalty is going to be really, really harsh, and I want to be sure you understand those things.

> [WILSON]: Yes.

> [THE COURT]: All right, sir. Something that I haven't heard, is there going to be any recommendation as to the enhancements in this case?

> [PROSECUTOR]: Your Honor, we had looked at it last week on a plea that

|  | he can plead into drug court with the enhancements. |
| --- | --- |
| [THE COURT]: | All right, sir. So, again, there would be no discretion. It would be a 60-year mandatory sentence. Do you understand that, Mr. Wilson? |
| [WILSON]: | Yes. |
| [THE COURT]: | Any question you want to ask about that? |
| [WILSON]: | No. |

¶3. Following this discussion, the circuit judge sentenced Wilson to sixty years in the custody of the Mississippi Department of Corrections (MDOC) but withheld acceptance of Wilson's guilty plea and his sentence on the condition that Wilson complete five years of supervised probation through the drug-court program. The circuit judge entered an order that placed Wilson in the drug-court program. The order provided that Wilson had read "all conditions and stipulations" in the order and understood that he might "be immediately incarcerated for any violations of [the] Drug Court requirements." Wilson acknowledged his understanding and acceptance by signing the order.

¶4. On March 30, 2018, Wilson again appeared before the circuit court for a hearing on his alleged violations of the drug-court program. The circuit court found that Wilson had committed "three separate [and] distinct violations, any of which could have resulted in a termination from drug court." Specifically, the circuit court found that Wilson had failed to (1) enroll in electronic monitoring; (2) keep his probation officer informed of his interactions with law enforcement; and (3) complete community service. In addition, the circuit court noted that Wilson had failed a drug test; had been arrested and charged with ten counts of

3

conspiracy to possess methamphetamine; and possessed drug paraphernalia that was discovered during a home visit. Based on Wilson's failure to comply with the terms of the drug-court program, the circuit court amended the July 2016 sentencing order. The amended order entered on April 4, 2018, reflected the circuit court's acceptance of Wilson's guilty plea, which Wilson had entered on the record in open court. The amended order further reflected the circuit court's imposition of Wilson's sixty-year sentence in MDOC's custody.

¶5.     Over four years after the circuit court entered the amended order accepting his guilty plea, Wilson filed a PCR motion in November 2022. In the PCR motion, Wilson asserted that by amending the original order to impose his suspended sentence, the circuit court had "essentially sentenc[ed him] twice for the same [offense]" and violated his right against double jeopardy. The circuit court denied Wilson's PCR motion after determining that the amendment to the original order placing Wilson in the drug-court program had failed to "subject [Wilson] to being twice punished for the same offense." Instead, the circuit court found that the amendment to the order simply had "reiterated what sentence [Wilson] freely and voluntarily agreed to be subject to if he violated the terms and conditions of the drug court." In light of Wilson's own admissions on the record in open court during his plea hearing, the circuit court concluded that neither the deferment nor the reinstatement of the sixty-year sentence had violated the Double Jeopardy Clause. The circuit court likewise found no double-jeopardy violation due to the amendment to the original order after Wilson had failed to complete the drug-court program. Aggrieved by the circuit court's order denying his PCR motion, Wilson appeals.

4

**STANDARD OF REVIEW**

¶6.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Duncan v. State*, 378 So. 3d 991, 992-93 (¶10) (Miss. Ct. App. 2024) (quoting *Tingle v. State*, 285 So. 3d 708, 710 (¶8) (Miss. Ct. App. 2019)).

**DISCUSSION**

¶7.     Relevant to the present matter, this Court recently reiterated the following:

> The Mississippi Uniform Post-Conviction Collateral Relief Act [(UPCCRA)] requires that PCR motions be filed "within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Rev. 2020). To survive the time-bar, the petitioner must demonstrate that a statutory exception applies. These statutory exceptions include (1) "an intervening decision which would have actually adversely affected the outcome of his conviction or sentence"; (2) "evidence, not reasonably discoverable at the time of trial, which would have caused a different result in the conviction or sentence"; (3) "biological evidence not tested, or subject to additional DNA testing," to show "that the petitioner would not have been convicted or would have received a lesser sentence"; or (4) a claim that the petitioner's "sentence has expired or his probation, parole or conditional release has been unlawfully revoked." *Id.* § 99-39-5(2)(a)-(b).

*Harvey v. State*, 373 So. 3d 593, 594 (¶4) (Miss. Ct. App. 2023).

¶8.     Here, Wilson filed his PCR motion over four years after the circuit court entered the order accepting Wilson's guilty plea and imposing his sentence. Thus, Wilson's PCR motion clearly was untimely. On appeal, Wilson renews his contention that the circuit court subjected him to double jeopardy when the court entered its amended order. In addition, Wilson asserts that his drug-court contract was illegal and resulted in plain error. We find,

5

however, that Wilson has failed not only to raise an enumerated statutory exception to the time-bar but also to sufficiently demonstrate that such an exception applies. *See Duncan*, 378 So. 3d at 993 (¶10). Accordingly, we find that Wilson's claims fail because of the UPCCRA's three-year statute of limitations.

## CONCLUSION

¶9. Because Wilson has failed to establish that a statutory exception applies to overcome the UPCCRA's time-bar, we find no error in the circuit court's decision to deny Wilson's PCR motion.

¶10. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**